In the Matter of Rosy S. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; IVELISSE T., Respondent. (Proceeding No. 1.) In the Matter of MARCOS S. JR., ADMINSTRATION FOR CHILDREN'S SERVICES, Appellant; IVELISSE T., Respondent. (Proceeding No. 2.) [863 NYS2d 65]—

In two child protective proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Staton, J.H.O.), dated January 28, 2008, which, after a hearing pursuant to Family Court Act § 1028, granted the mother's application to return the subject children to her custody under the petitioner's supervision. By decision and order on motion of this Court dated February 14, 2008 [2008 NY Slip Op 63600(U)], enforcement of the order was stayed pending hearing and determination of the appeal.

Ordered that the order is reversed, on the law, without costs or disbursements, the mother's application for the return of the subject children is denied, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

At issue here is whether the Family Court properly concluded, after a hearing pursuant to Family Court Act § 1028, that return of the subject children to the custody of their mother did not pose an imminent risk to their lives or health. The subject children are the mother's daughter, born in 1995, and her son, born in 1998. The mother's first born child, a son born in 1993, also was removed from her care, but she is not seeking his return. The catalyst for the removal of the subject children was the mother's admitted sexual interaction with her first-born son.

In determining whether there is imminent risk to the life or health of children pursuant to Family Court Act § 1028, the Family Court is required to balance the risk to the children should they be returned to the custody of the parent against the harm that their removal might cause (*see Nicholson v Scoppetta,* 3 NY3d 357, 378 [2004]). Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care (*see Matter of Daniel W.,* 37 AD3d 842, 843 [2007]).

Initially, we find that the Family Court should have drawn an adverse inference against the mother based upon her failure to testify on her own behalf and in light of the Family Court's determination that she was less than forthcoming with the clinical psychologist whom she called as an expert witness (*see Matter of Harmony S.,* 22 AD3d 972 [2005]; *Matter of Allen DD.,* 17 AD3d 740, 743 [2005]). Moreover, the undisputed evidence of sexual interaction between the mother and her first born son, which evinced the mother's deeply flawed understanding of parental duties and impaired parental judgment, supported a finding

that the subject children were derivatively abused. Further, the petitioner indicated that the father of the subject children was willing to assume custody of them if they were not returned to the mother's custody.

Applying the balancing test in *Nicholson v Scoppetta* (3 NY3d 357 [2004]), it is apparent that the best interests of the subject children will be served by continuing their removal until additional facts are adduced at a full fact-finding hearing. Spolzino, J.P., Lifson, Dickerson and Chambers, JJ., concur.