■ In the Matter of ZEPHYR D. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LUKE K., Respondent. (Proceeding No. 1.) In the Matter of THIA K. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; LUKE K., Respondent. (Proceeding No. 2.) [48 NYS3d 789]—

Appeal by the petitioner from an order of the Family Court, Kings County (Alan Beckoff, J.), dated May 13, 2016. The order, after a fact-finding hearing, and upon a finding that the petitioner failed to establish that the respondent neglected the subject children, in effect, dismissed the petitions with prejudice.

Ordered that the order is affirmed.

The petitioner, Administration for Children's Services (hereinafter ACS), commenced two related proceedings pursuant to Family Court Act article 10 against the respondent, the biological father of the child Thia K. The petitions alleged that the respondent is a person legally responsible for the child Zephyr D., and that he neglected both children by perpetrating acts of domestic violence against their mother, Sheya D. After a fact-finding hearing, the Family Court determined that the respondent was not a person legally responsible for Zephyr D. The court also discredited Sheya D.'s testimony, and found that neglect had not been established. Therefore, the court, in effect, dismissed the petitions with prejudice.

The Family Court correctly determined that the respondent was not a person legally responsible for Zephyr D., as Sheya D.'s mother and the respondent's father both credibly testified that Sheya D.'s mother was Zephyr D.'s primary caregiver and source of financial support for the relevant time period (*cf. Matter of Trenasia J. [Frank J.]*, 25 NY3d 1001, 1004-1006 [2015]; *Matter of Yolanda D.*, 88 NY2d 790, 796-797 [1996]).

Additionally, the Family Court also correctly determined that even if the respondent were a person legally responsible for the subject children, ACS failed to establish by a preponder-

ance of the evidence that the respondent, by engaging in acts of domestic violence against Sheya D., neglected the subject children. "The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal, as it had the opportunity to observe the demeanor of the witnesses, and will not be disturbed unless clearly unsupported by the record" (*Matter of Jaden J. [Ernest C.]*, 106 AD3d 822, 823 [2013]). Here, the court discredited the testimony of Sheya D., who was the only witness to testify as to the alleged incidents of domestic violence. Further, the court properly refused to credit Zephyr D.'s out-of-court statements, as these statements were insufficiently corroborated by Sheya D.'s discredited testimony (*see Matter of Jeshaun R. [Ean R.]*, 85 AD3d 798, 799-800 [2011]).

ACS's remaining contention is without merit.

Accordingly, the Family Court properly dismissed the neglect petitions with prejudice. Leventhal, J.P., Cohen, LaSalle and Barros, JJ., concur.