Matter of Jazmine P. (Shay S. P.-T.) (2019 NY Slip Op 04946)





Matter of Jazmine P. (Shay S. P.-T.)


2019 NY Slip Op 04946


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-03841
 (Docket No. N-3640-18)

[*1]In the Matter of Jazmine P. (Anonymous), etc. Westchester County Department of Social Services, petitioner-respondent; Shay S. P.-T. (Anonymous), etc., respondent-appellant, et al., respondent.


George E. Reed, Jr., White Plains, NY, for respondent-appellant.
John M. Nonna, County Attorney, White Plains, NY (Stacey Dolgin-Kmetz, Linda M. Trentacoste, Gregory G. Meyer, and David Chen of counsel), for petitioner-respondent.
Darren DeUrso, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), entered April 4, 2018. The order, insofar as appealed from, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to the mother's custody.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
Shortly after the subject child's birth in March 2018, the Westchester County Department of Social Services (hereinafter the petitioner) removed the child from the mother on an emergency basis pursuant to Family Court Act § 1024, and commenced this neglect proceeding. The mother's older child had already been removed from the mother due to, inter alia, the mother's intellectual disabilities (see Matter of Peter T., Jr. [Shay S. P.], ___ AD3d___ [decided herewith]). The mother now appeals from an order, made after a hearing pursuant to Family Court Act §§ 1027 and 1028, denying her application for the return of the child to her custody.
A parent's application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028[a]; see Matter of Cheryl P. [Ayanna M.], 168 AD3d 1062, 1063; Matter of Tatih E. [Keisha T.], 168 AD3d 935; Matter of Saad A. [Umda M.], 167 AD3d 596, 597; Matter of Chloe W. [Tara W.], 165 AD3d 681). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575). " Evidence that the children who are the subject of the [*2]proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care'" (Matter of Tatih E. [Keisha T.], 168 AD3d at 936, quoting Matter of Rosy S., 54 AD3d 377, 378).
Here, there exists a sound and substantial basis in the record for the Family Court's determination that the return of the child to the mother would present an imminent risk to the child, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Tatih E. [Keisha T.], 168 AD3d at 936; Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259; Matter of Chloe W. [Tara W.], 165 AD3d at 682).
Accordingly, we agree with the Family Court's determination denying the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody.
SCHEINKMAN, P.J., AUSTIN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court