Matter of Carter R. (Camesha B.) (2020 NY Slip Op 03118)





Matter of Carter R. (Camesha B.)


2020 NY Slip Op 03118


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2019-07032
 (Docket Nos. N-10418-19, N-10419-19, N-10420-19)

[*1]In the Matter of Carter R. (Anonymous), appellant. Administration for Children's Services, petitioner-appellant; Camesha B. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Kimora B. (Anonymous). Administration for Children's Services, petitioner-appellant; Camesha B. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Carma B. (Anonymous), appellant. Administration for Children's Services, petitioner-appellant; Camesha B. (Anonymous), respondent. (Proceeding No. 3.)


James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Jessica Miller of counsel), for petitioner-appellant.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the children, the appellants Carter R. and Carma B.
William C. Hoffman, Brooklyn, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals, and the children Carter R. and Carma B. separately appeal, from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated June 19, 2019. The order, insofar as appealed from, after a hearing, granted that branch of the mother's application pursuant to Family Court Act § 1028 which was to return two of the subject children to her custody pending the outcome of the proceedings.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and that branch of the mother's application pursuant to Family Court Act § 1028 which was to return two of the subject children to her custody pending the outcome of the proceedings is denied.
The petitioner, the Administration for Children's Services, commenced these related proceedings pursuant to Family Court Act article 10, alleging, in three separate petitions, that the [*2]mother neglected the subject children, inter alia, by failing to appropriately respond to allegations that her 16-year-old son had sexually abused one of the subject children, and by leaving another of the subject children in that son's care while she gave birth to the third subject child. After commencing these proceedings, the petitioner temporarily removed the subject children from the mother's home. The mother made an application pursuant to Family Court Act § 1028 for the return of the subject children to her custody, and the Family Court conducted a hearing on the application. After the hearing, the court denied the mother's application with respect to one of the subject children but granted it with respect to two of the subject children. These appeals ensued.
"An application pursuant to Family Court Act § 1028 to return a child who has been temporarily removed shall' be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health"'" (Matter of Tatih E. [Keisha T.], 168 AD3d 935, 935, quoting Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575, quoting Family Court Act § 1028[a]). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Tatih E. [Keisha T.], 168 AD3d at 935; Matter of Essence R. [Ebony B.R.], 158 AD3d 806, 806). In making its determination, the court " must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Romeo O. [Sita P.-M.], 163 AD3d at 575, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). The court " must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (Matter of Romeo O. [Sita P.-M.], 163 AD3d at 575, quoting Nicholson v Scoppetta, 3 NY3d at 378). "Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care" (Matter of Tatih E. [Keisha T.], 168 AD3d at 936 [internal quotation marks omitted]; see Matter of Victoria B. [Jonathan M.], 161 AD3d 1145, 1146). The child services agency bears the burden of establishing that the subject child would be at imminent risk and therefore should remain in its custody (see Matter of Marquel J., 269 AD2d 396).
Here, the Family Court's determination granting that branch of the mother's application which was for the return of two of the subject children lacked a sound and substantial basis in the record. The evidence at the hearing demonstrated that, after one of the subject children reported to the mother that her older brother had been sexually abusing her since she was 10 years old, the mother did not address the sexual abuse and did not provide increased supervision for the subject children. Further, the petitioner demonstrated that the mother left one of the subject children in the older brother's care, for at least a period of time, while she gave birth to the third subject child, in violation of an order dated March 23, 2018. Under the circumstances, we cannot agree that the return of two of the subject children to the mother's custody, notwithstanding the conditions that were imposed, would not present an imminent risk to the children's life or health (see Matter of Tatih E. [Keisha T.], 168 AD3d at 936; see also Matter of Derrick GG. [Jennifer GG.], 177 AD3d 1124, 1125-1126). Accordingly, the mother's application for the return of the subject children should have been denied in its entirety.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court