Matter of Nicholas O. (Jenny F.) (2020 NY Slip Op 03663)





Matter of Nicholas O. (Jenny F.)


2020 NY Slip Op 03663


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-11053
 (Docket No. N-23486-19)

[*1]In the Matter of Nicholas O. (Anonymous). Administration for Children's Services, appellant;
and
Jenny F. (Anonymous), et al., respondents.


James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Deborah E. Wassel of counsel), for appellant.
Brooklyn Defender Services, Brooklyn, NY (Kathryn V. Lissy and Mary Catherine Gibbons of counsel), for respondent Jenny F.
Larry S. Bachner, New York, NY, for respondent Angel O.
Jill M. Zuccardy, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated September 23, 2019. The order, after a hearing, granted the parents' application pursuant to Family Court Act § 1028 for the return of the subject child to their custody.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the parents' application pursuant to Family Court Act § 1028 for the return of the subject child to their custody is denied.
The subject child was removed from the parents' custody shortly after his birth in August 2019. The parents have four other children who were removed from their custody in December 2018. One of those children, Michael, returned to the custody of the parents in March 2019. The petitioner commenced this neglect proceeding pursuant to Family Court Act article 10 and alleged that the subject child was derivatively neglected based on the prior findings of neglect and derivative neglect against the parents as to their four other children. The parents made an application pursuant to Family Court Act § 1028(a) for the return of the child. After a hearing, the Family Court granted the application. The petitioner appeals. We reverse.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). "In a proceeding for removal of a child, the Family Court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court must balance that [*2]risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Matter of Audrey L. [Marina L.], 147 AD3d at 839). On appeal, this Court must assess whether the record provides a sound and substantial basis to support the Family Court's determination (see Matter of Julissia B. [Navasia J.], 128 AD3d at 691).
Here, the Family Court's determination granting the parents' application pursuant to Family Court Act § 1028 for the return of the child to their custody lacks a sound and substantial basis in the record (see Matter of Julissia B. [Navasia J.], 128 AD3d at 691). The evidence at the hearing demonstrates that the child's sibling, Michael, has special needs that require him to be under constant supervision, and that on a prior occasion the parents' inability to control Michael resulted in serious physical injuries to one of the child's siblings. Notwithstanding the parents' willingness to comply with court-ordered services, the parents and Michael had not yet completed those services at the time of the hearing. In our view, the parents' inability to adequately control Michael would present an imminent risk to the child's life or health if the child were returned to the parents. Given the circumstances of the family's living situation at the time of the hearing, this risk could not be mitigated by the conditions imposed by the court. Accordingly, the court should have denied the parents' application for the return of the child to their custody (see Matter of Jacob P., 37 AD3d 836, 838).
Given the conflicting information about the parents' compliance with court-ordered services and whether the parents and Michael have taken the appropriate steps to mitigate the risks to the child, the Family Court shall proceed expeditiously with the underlying proceeding.
SCHEINKMAN, P.J., MILLER, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court