Matter of Nyomi P. (Imeisha P.) (2020 NY Slip Op 07199)





Matter of Nyomi P. (Imeisha P.)


2020 NY Slip Op 07199


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2019-06342
 (Docket Nos. N-8386-19, N-8387-19, N-8388-19, N-8389-19, N-8390-19, N-8391-19, N-8392-19, N-8393-19, N-8394-19)

[*1]In the Matter of Nyomi P. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Syncere R. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)
In the Matter of Amir C. S. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 3)
In the Matter of Amari S. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 4)
In the Matter of Nyasia J. (Anonymous). Administration for Children's Services, petitioner; Imeisha P. (Anonymous), et al., respondents. (Proceeding No. 5)
In the Matter of Tahjir S. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 6)
In the Matter of Sir'Vonte S. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent.
(Proceeding No. 7)
In the Matter of Alyijah S. (Anonymous). Administration for Children's Services, petitioner- [*2]respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 8)
In the Matter of Aiden S. (Anonymous). Administration for Children's Services, petitioner- respondent; Imeisha P. (Anonymous), appellant, et al., respondent. (Proceeding No. 9)


Kyle Sosebee, Brooklyn, NY, for respondent-appellant.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and MacKenzie Fillow of counsel), for petitioner-respondent.
Jeffrey C. Bluth, New York, NY, attorney for the children Syncere R., Amir C. S., Amari S., Tahjir S., Sir'Vonte S., Alyijah S., and Aiden S.
Christine Theodore, Spring Valley, NY, attorney for the child Nyomi P.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Elizabeth Barnett, J.), dated April 30, 2019. The order, after a hearing pursuant to Family Court Act § 1028, denied the mother's application to return the subject children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected her two-year old son, Syncere R., by failing to provide him with adequate medical care after he sustained severe burns as a result of his skin coming into contact with a drain cleaner, and derivatively neglected the other subject children. After commencing these proceedings, the petitioner temporarily removed the subject children from the mother's home. The mother made an application pursuant to Family Court Act § 1028 for the return of the children to her custody, and the Family Court conducted a hearing on the application. After the hearing, the court denied the mother's application.
A parent's application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Family Ct Act § 1028[a]; see Matter of Cheryl P. [Ayanna M.], 168 AD3d 1062, 1063; Matter of Tatih E. [Keisha T.], 168 AD3d 935; Matter of Saad A. [Umda M.], 167 AD3d 596, 597; Matter of Chloe W. [Tara W.], 165 AD3d 681). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575). "'Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care'" (Matter of Tatih E. [Keisha T.], 168 AD3d at 936, quoting Matter of Rosy S., 54 AD3d 377, 378).
Here, there exists a sound and substantial basis in the record for the Family Court's determination that the return of the children to the mother would present an imminent risk to the children, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Tatih E. [Keisha T.], 168 AD3d at 936; Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259; Matter of Chloe W. [Tara W.], 165 AD3d at 682). The court's determination as to the mother's lack of credibility should not be disturbed, as it is supported by the record (see Matter of Zephyr D. [Luke K.], 148 AD3d 1013; Matter of Iris G. [Angel G.], 144 AD3d 908).
Accordingly, we agree with the Family Court's determination denying the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody.
DILLON, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court