Matter of Chase P. (Maureen Q.) (2021 NY Slip Op 06173)





Matter of Chase P. (Maureen Q.)


2021 NY Slip Op 06173


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-09074
 (Docket Nos. N-9745-20, N-9746-20, N-9747-20)

[*1]In the Matter of Chase P. (Anonymous). Administration for Children's Services, petitioner-appellant; Maureen Q. (Anonymous), et al., respondents-respondents, et al., respondent.
In the Matter of Ezara L. Q. (Anonymous). Administration for Children's Services, petitioner; Maureen Q. (Anonymous), et al., respondents.
In the Matter of Kaiden G. G. (Anonymous). Administration for Children's Services, petitioner-appellant; Maureen Q. (Anonymous), et al., respondents-respondents, et al., respondent.


Georgia M. Pestana, Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for petitioner-appellant.
Michael S. Discioarro, New York, NY, for respondent-respondent Maureen Q.
Brooklyn Defender Services, Brooklyn, NY (Amy Mulzer and Ashley Mitchell of counsel), for respondent-respondent Antoine Q.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the child Chase P.
Colleen E. Zitman, Brooklyn, NY, attorney for the child Kaiden G. G.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the Administration for Children's Services appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated December 3, 2020. The order, after a hearing, granted the application of Maureen Q. and Antoine Q. pursuant to Family Court Act § 1028(a) for the return of the children Chase P. and Kaiden G. G. to their custody. By decision and order on motion dated January 8, 2021, this Court, inter alia, granted that branch of the motion of the Administration for Children's Services which was for a stay of enforcement of the order pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the application of Maureen Q. and Antoine Q. pursuant to Family Court Act § 1028(a) for the return of the children Chase P. and Kaiden G. G. to their custody is denied.
Maureen Q. (hereinafter the mother) is the mother of the children Chase P., Ezara L. Q., and Kaiden G. G. (hereinafter collectively the subject children). Antoine Q. (hereinafter the [*2]father) is the father of Ezara and the stepfather of Chase and Kaiden. The petitioner commenced these related proceedings pursuant to Family Court Act article 10 against, among others, the mother and the father (hereinafter together the parents), alleging in three separate petitions, inter alia, that the parents abused Ezara, and abused Chase and Kaiden because they demonstrated a flawed understanding of parental duties and impaired judgment. After commencing these proceedings, the petitioner temporarily removed the subject children from the parents' home. The parents made an application pursuant to Family Court Act § 1028(a) for the return of Chase and Kaiden to their custody. After a hearing, the Family Court granted the application. The petitioner appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that 'the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). "The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record" (Matter of Tatih E. [Keisha T.], 168 AD3d 935, 935; see Matter of Esscence R. [Ebony B.R.], 158 AD3d 806, 806; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d at 575). "Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care" (Matter of Rosy S., 54 AD3d 377, 378; see Matter of Nyomi P. [Imeisa P.], 189 AD3d 843, 843; Matter of Carter R. [Camesha B.], 184 AD3d 575, 576; Matter of Tatih E. [Keisha T.], 168 AD3d at 936). "The child services agency bears the burden of establishing that the subject child would be at imminent risk and therefore should remain in its custody" (Matter of Carter R. [Camesha B.], 184 AD3d at 576).
Family Court Act § 1046(a)(ii) "provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child which would ordinarily not occur absent an act or omission of respondents, and (2) that respondents were the caretakers of the child at the time the injury occurred" (Matter of Philip M., 82 NY2d 238, 243; see Family Ct Act § 1046[a][ii]; Matter of Kamryn R. [Natalie R.], 187 AD3d 1192, 1194). Family Court Act § 1046(a)(ii) "authorizes a method of proof which is closely analogous to the negligence rule of res ipsa loquitur" (Matter of Philip M., 82 NY2d at 244). "[Once] the petitioner establishes a prima facie case of abuse, the burden of going forward shifts to respondents to rebut the evidence of . . . culpability, although the burden of proof always remains with the petitioner" (Matter of Unity T. [Dennis T.], 166 AD3d 629, 632 [internal quotation marks omitted]; see Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194).
Here, the Family Court's determination to grant the parents' application for the return of Chase and Kaiden lacked a sound and substantial basis in the record (see Matter of Nicholas O. [Jenny F.], 185 AD3d 587, 588; Matter of Carter R. [Camesha B.], 184 AD3d at 576; Matter of Tatih E. [Keisha T.], 168 AD3d at 936; Matter of Julissia B. [Navasia J.], 128 AD3d at 691; Matter of Alexi R.C. [Monica D.], 109 AD3d 819, 821; Matter of Jacob P., 37 AD3d 836, 837-838). The petitioner established a prima facie case of child abuse against the parents by presenting evidence that injuries Ezara sustained would not ordinarily occur absent an act or omission of the caregiver, and that the parents were the caregivers of Ezara during the relevant time period (see Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194; Matter of Davion E. [Latoya E.], 139 AD3d 944, 946; Matter of Robert A. [Kelly K.], 109 AD3d 611, 612-613; Matter of Jacob B. [Rachel B.], 77 AD3d 936, 936). Specifically, the petitioner's expert in child abuse pediatrics testified that the then two-month-old Ezara had multiple rib fractures, which appeared to have been sustained at different times, as well as fractures in his legs and a laceration of his spleen, and further testified within a reasonable degree of medical certainty that these injuries were caused by non-accidental trauma. The parents failed to rebut the presumption of culpability with a reasonable and adequate explanation for Ezara's injuries (see Matter of Kamryn R. [Natalie R.], 187 AD3d at 1194; Matter of Angelica A. [Jasmin H.], 126 AD3d 965, 966). Further, the petitioner established that the parents demonstrated such an impaired level of parental judgment with respect to Ezara so as to create a substantial risk of harm to any child in their care (see Matter of Nicholas O. [Jenny F.], 185 AD3d at 588; Matter of Carter [*3]R. [Camesha B.], 184 AD3d at 576-577; Matter of Jazmine P. [Shay S.P.-T.], 173 AD3d 1033, 1034; Matter of Tatih E. [Keisha T.], 168 AD3d at 936). Under the circumstances of this case, this risk could not be mitigated by the conditions imposed by the court (see Nicholson v Scoppetta, 3 NY3d at 378; Matter of Nicholas O. [Jenny F.], 185 AD3d at 589; Matter of Carter R. [Camesha B.], 184 AD3d at 577; Matter of Tatih E. [Keisha T.], 168 AD3d at 936; Matter of Julissia B. [Navasia J.], 128 AD3d at 692; Matter of Serenity S. [Tyesha A.], 89 AD3d 737, 739). Accordingly, the parents' application for the return of Chase and Kaiden should have been denied.
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court