Matter of Kyng F. (Kareem F.) (2022 NY Slip Op 02058)





Matter of Kyng F. (Kareem F.)


2022 NY Slip Op 02058


Decided on March 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 24, 2022

Before: Kern, J.P., Moulton, Rodriguez, Pitt, Higgitt, JJ. 


Docket No. NN-08013/20 Appeal No. 15584 Case No. 2020-03866 

[*1]In the Matter of Kyng F., A Child Under Eighteen Years of Age, etc., Kareem F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Carol L. Kahn, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Keith E. Brown, J.), entered on or about September 15, 2020, which, to the extent appealed from as limited by the briefs, denied respondent father's motions under Family Court Act §§ 1028 and 1061 to have the subject child released to him or for unsupervised visitation, unanimously affirmed, without costs.
There is a sound and substantial basis in the record for Family Court's finding that the child would face imminent risk of harm if returned to the father's care (see Family Ct Act § 1028[a][ii]; Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). The neglect petition charged that the father had committed acts of domestic violence against nonrespondent mother in the child's presence, and the case worker testified concerning his aggressive and uncooperative behavior during supervised visits and in dealings with the agency (see Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]). Although the father was being treated for his mental health issues, he refused referrals for anger management and continued to show a lack of insight into the issues that gave rise to the proceedings.
For the same reasons, Family Court providently denied the father's alternative request to modify the release order to allow unsupervised visits based on the evidence that the father continued to act in an aggressive manner during supervised visits and did not show good cause for such modification (see Matter of Madison H. [Demezz J.H.], 173 AD3d 458, 459 [1st Dept 2019]; Matter of Gerald Y.-C. [Roland Y.], 150 AD3d 457, 458 [1st Dept 2017]).
We have considered the father's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 24, 2022