Matter of Tymik R. (Tamika J.) (2023 NY Slip Op 01194)

Matter of Tymik R. (Tamika J.)

2023 NY Slip Op 01194

Decided on March 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-03314
 (Docket No. N-10811-21)

[*1]In the Matter of Tymik R. (Anonymous). Administration for Children's Services, respondent; Tamika J. (Anonymous), appellant.

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Jessica Miller of counsel), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Polixene Petrakopoulos of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated April 4, 2022. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The Administration for Children's Services removed the subject child from the mother's custody on an emergency basis pursuant to Family Court Act § 1024, and commenced this neglect proceeding. Following a hearing, the Family Court denied the mother's application pursuant to Family Court Act § 1028 for the return of the child to her custody during the pendency of the proceeding.
An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health." In determining the application, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; see Matter of Alex A.E. [Adel E.], 103 AD3d 721). Here, there is a sound and substantial basis in the record for the court's determination denying the mother's application, as there was evidence that a return of the child to the mother would present an imminent risk to his life or health (see Matter [*2]of Kyng F. [Kareem F.], 203 AD3d 597; Matter of Cacique R.O. [Alejandro O.], 196 AD3d 487). The evidence further established that the risk to the child could not be mitigated because the mother would not comply with any order issued in an attempt to mitigate that risk (see Matter of Sara A. [Ashik A.], 141 AD3d 646; Matter of Jasmine W. [Michael J.], 132 AD3d 774). Accordingly, the court properly denied the mother's application pursuant to Family Court Act § 1028 for the return of the child.
The mother's remaining contention is unpreserved for appellate review, and, in any event, without merit.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court