Matter of Denim A. (Natavia A.--Rayshaun W.) (2023 NY Slip Op 03189)

Matter of Denim A. (Natavia A.--Rayshaun W.)

2023 NY Slip Op 03189

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Kapnick, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Docket No. NN-00312-23 Appeal No. 466-466A Case No. 2023-00453 

[*1]In the Matter of Denim A., A Child Under Eighteen Years of Age, etc., Natavia A., Respondent, Rayshaun W., Respondent-Respondent, Administration for Children's Services, Petitioner-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Philip W. Young of counsel), for appellant.
Carol Kahn, New York, for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Orders, Family Court, New York County (Maria Arias, J.), entered on or about January 25, 2023, which, after a hearing, denied petitioner Administration for Children's Services's (ACS) application pursuant to Family Court Act § 1027 to remove the subject child from the parents' custody and place him in the custody of ACS pending the outcome of the neglect proceeding and temporarily released the child to respondent father subject to certain conditions, unanimously reversed, on the facts and in the exercise of discretion, without costs, the application granted, and the child placed in the custody of ACS pending the outcome of the neglect proceeding.
On review of the evidence and testimony submitted at the hearing held pursuant to Family Court Act § 1027, we find that the record supports a determination that the subject child's life or health was at imminent risk of harm (Family Court Act § 1027[b][i]). The record includes evidence that the father had engaged in acts of domestic violence against the mother, including punching her in the stomach while she was in the hospital recovering from a Caesarean section, and while in the presence of the newborn child, whom he grabbed from her (see Matter of Esther N. [Onyebuchi N.], 206 AD3d 564, 564 [1st Dept 2022]; Matter of Bobbi B. [Bobby B.], 165 AD3d 587, 587 [1st Dept 2018]). Given the imminent risk of harm that the father's conduct posed to the child, and the court's acknowledgement of the serious concerns raised by this conduct, it was an improvident exercise of the court's discretion to release the child to the father's care, and the conditions imposed were insufficient to mitigate the risk (see Matter of Jairro F., 284 AD2d 124, 125 [1st Dept 2001]; Matter of Kimberly H., 242 AD2d 35, 39-40 [1st Dept 1998]). Even if the order had been conditioned on the father participating in a domestic violence program, that would not have been sufficient to mitigate the risk of immediate release of the child to his care, since the father continued to deny that domestic violence occurred and showed no insight into the issues that gave rise to the neglect proceeding (see Matter of Kyng F. [Kareem F.], 203 AD3d 597, 598 [1st Dept 2022]; Matter of Nicholas O. [Jenny F.], 185 AD3d 587, 588-589 [2d Dept 2020]). Furthermore, the father's testimony that he had lived with his aunt since 2010, except for the months he lived with the mother, was directly contradicted by the aunt's testimony that he did not live with her until the previous week, raising concerns about his willingness to comply with ACS supervision and his ability to provide a stable home for the infant. Accordingly, the court's denial of ACS's application for removal of the child and order temporarily releasing the child to the father's care prior to completion of the fact-finding hearing did not serve the child's best interests (see Nicholson v Scoppetta, 3 NY3d 357, 377-378 [2004]).
We have considered the father's remaining arguments and find them unavailing[*2]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023