Ramrattan v Resorts World Casino (2023 NY Slip Op 05528)

Ramrattan v Resorts World Casino

2023 NY Slip Op 05528

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2017-05030
 (Index No. 7285/12)

[*1]Bhojpattie Ramrattan, etc., appellant, 
v
Resorts World Casino, et al., respondents.

Soffey & Soffey LLC, Garden City, NY (Joseph E. Soffey of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York, NY (Benjamin Greenfield and Larry H. Lum of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Robert L. Nahman, J.), entered March 15, 2017. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff's decedent, Seeraj Ramrattan, allegedly was injured when he slipped and fell on premises owned by the defendants. Following a trial on the issue of liability, the jury rendered a verdict in favor of the defendants. On March 15, 2017, the Supreme Court entered a judgment in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
As an initial matter, contrary to the defendants' contention, the plaintiff's challenge to the cross-examination which sought to establish the plaintiff's litigious nature is preserved for appellate review. This cross-examination was highly improper (see O'Neil v Klass, 36 AD3d 677, 678; Rodolitz v Boston-Old Colony Ins. Co., 74 AD2d 821, 821). However, any error in the admission of such testimony was harmless, as we are satisfied that the result would have been the same if the testimony at issue had not been admitted (see CPLR 2002; Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1233).
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in declining to permit rebuttal testimony to refute the testimony of the defendants' witness Jason Diaz (see Bank of N.Y. v Spadafora, 92 AD3d 629, 630).
Accordingly, we affirm the judgment.
BRATHWAITE NELSON, J.P., MALTESE, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court