Matter of Nyomi P. (Imeisha P.) (2024 NY Slip Op 01012)

Matter of Nyomi P. (Imeisha P.)

2024 NY Slip Op 01012

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2023-02603
 (Docket Nos. N-19892-22, N-19893-22)

[*1]In the Matter of Nyomi P. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Na'Toria P. (Anonymous). Administration for Children's Services, respondent; Imeisha P. (Anonymous), appellant. (Proceeding No. 2)

Richard L. Herzfeld, New York, NY, for appellant.
Sylvia O. Hinds-Radix, New York, NY (Jane L. Gordon and Mackenzie Fillow of counsel), for respondent.
Rhea G. Freidman, New York, NY, attorney for the child Na'Toria P.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated February 7, 2023. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the child Na'Toria P. to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2022, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the child Na'Toria P. by failing to provide the child with proper supervision and guardianship, in that she left the child and the child's siblings alone at home, and that the mother was arrested on an outstanding warrant of which she had knowledge, but she failed to arrange for childcare in anticipation of her arrest. The petitioner temporarily removed the child from the mother's custody. The mother made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. After a hearing on the application, the Family Court denied the mother's application. The mother appeals.
A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (see Matter of Skkyy M.R. [Justin R.—Desanta C.], 206 AD3d 660; Matter of Cheryl P. [Ayanna M.], 168 AD3d 1062, 1063). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Chase P. [Maureen Q.], 199 AD3d 807; Matter of Carter R. [Camesha B.], 184 [*2]AD3d 575). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575). The child services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Chase P. [Maureen Q.], 199 AD3d at 809; Matter of Carter R. [Camesha B.], 184 AD3d at 576).
Here, the Family Court's determination as to the mother's lack of credibility should not be disturbed, as it is supported by the record (see Matter of Junny B. [Homere B.], 200 AD3d 687, 688; Matter of Zephyr D. [Luke K.], 148 AD3d 1013). There is a sound and substantial basis in the record for the court's determination that the return of the child to the mother would present an imminent risk to the child, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Tatih E. [Keisha T.], 168 AD3d 935, 936; Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259).
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court