Matter of Logan M. (Christina C.) (2024 NY Slip Op 05104)

Matter of Logan M. (Christina C.)

2024 NY Slip Op 05104

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-04928
 (Docket Nos. N-18358-22/23C, N-18360-22/23D)

[*1]In the Matter of Logan M. (Anonymous). Suffolk County Department of Social Services, respondent; Christina C. (Anonymous), appellant.

Arza Feldman, Manhasset, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Jessica Cicale of counsel), for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Suffolk County (Caren Loguerico, J.), dated May 11, 2023. The order, insofar as appealed from, after a hearing, upon granting the mother's application pursuant to Family Court Act § 1028 for the return of the subject child during the pendency of the proceeding to the extent of returning the subject child to the custody of the maternal aunt, in effect, directed the issuance of a temporary order of protection requiring the mother to stay away from the subject child's home.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements.
In December 2022, the Family Court issued an order directing the temporary removal of the subject child pursuant to Family Court Act § 1022. Thereafter, the petitioner commenced this proceeding pursuant to Family Court Act article 10 against the mother and a related proceeding against the father, alleging, inter alia, that they abused the child and that they "failed to ensure that the child receives proper and necessary medical care" for his seizures. On January 6, 2023, the court, upon consent, placed the child in the custody of his maternal aunt. The mother was permitted to reside in the child's home, but all interactions with the child had to be supervised by the maternal aunt. The maternal aunt was responsible for the child's medical care.
On April 27, 2023, the petitioner filed an application pursuant to Family Court Act § 1061 seeking to remove the child from the maternal aunt's custody and to place him in foster care. The Family Court granted the petitioner's application. The mother thereafter filed an application pursuant to Family Court Act § 1028 for the return of the child during the pendency of the proceeding. After a hearing, the court granted the mother's application to the extent of returning the child to the custody of the maternal aunt, but, in effect, directed the issuance of a temporary order of protection requiring the mother to stay away from the child's home. The mother appeals from so [*2]much of the order as, in effect, directed the issuance of a temporary order of protection requiring her to stay away from the child's home.
"'An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health'" (Matter of Chase P. [Maureen Q.], 199 AD3d 807, 808, quoting Matter of Audrey L. [Marina L.], 147 AD3d 838, 839 [internal quotation marks omitted]). "'The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record'" (Matter of Chase P. [Maureen Q.], 199 AD3d at 808, quoting Matter of Tatih E. [Keisha T.], 168 AD3d 935, 935; see Matter of Esscence R. [Ebony B.R.], 158 AD3d 806, 806; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691). "In making its determination, the court 'must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Chase P. [Maureen Q.], 199 AD3d at 808, quoting Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575). "The court 'must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests'" (Matter of Chase P. [Maureen Q.], 199 AD3d at 808, quoting Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Romeo O. [Sita P.-M.], 163 AD3d at 575).
As an initial matter, contrary to the petitioner's contention, the mother's challenge to so much of the order as, in effect, directed the issuance of a temporary order of protection requiring her to stay away from the child's home is preserved for appellate review (see Ramrattan v Resorts World Casino, 221 AD3d 629, 629).
The Family Court's determination that allowing the mother to reside with the child would present an imminent risk to the child lacked a sound and substantial basis in the record (see Matter of Chloe-Elizabeth A.T. [Albert T.], 167 AD3d 910, 912; Matter of David Edward D., 35 AD3d 856, 857). Testimony adduced at the hearing established that the mother interfered with the child's medical care by attending a medical appointment with the child unsupervised and by making an appointment for the child's blood work. However, testimony also established that, while the mother was residing with the child and the maternal aunt, the child attended all of his medical appointments and did not have any seizures.
Accordingly, the Family Court should not have, in effect, directed the issuance of a temporary order of protection requiring the mother to stay away from the child's home.
The petitioner's remaining contention is without merit.
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court