Matter of R.B. (J.B.)

2026 NY Slip Op 02228

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of R.B., A Child Under Eighteen Years of Age, etc., J.B., also known as J.B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: April 14, 2026

Docket No. NN-04544/24, NN-09126/22, NN-09127/22, NN-09128/22, NN-09129/22, NN-09130/22
|Appeal No. 6356|Case No. 2025-02125|

Before: Webber, J.P., Gesmer, Mendez, Pitt-Burke, Hagler, JJ.

Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.

Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), and Latham & Watkins LLP, New York (Samir Deger-Sen of counsel), attorneys for the child.

[*1]

Order, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about March 11, 2025, which, after a hearing, denied respondent father's application for the return of the subject child to his care pending the fact-finding hearing, unanimously affirmed, without costs.

There is a sound and substantial basis in the record for Family Court's conclusion that returning the child to the father's care pending the outcome of the neglect proceeding would have posed an imminent risk to the child's life or health, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Family Ct Act § 1028[a]; Matter of Kyng F. [Kareem F.], 203 AD3d 597, 598 [1st Dept 2022]; Matter of Martha A. [Diana C.], 75 AD3d 476, 477 [1st Dept 2010]). At the Family Court Act § 1028 hearing, the evidence established that one of the father's other children died in infancy after suffering severe respiratory distress at home as a result of the father's failure to promptly seek medical attention after being alerted by the child's sibling, that the child was wheezing and struggling to breathe. The father's testimony and statements indicated that he did not believe that he should have acted differently to prevent the child's death and that he attributed blame to everyone but himself. The father appeared unwilling or unable to acknowledge his role in the circumstances leading to the children's removal and even accused his seven-year-old child of lying about the circumstances surrounding the incident out of jealousy. Conspicuously absent from the father's testimony was any explanation of concrete steps he would take to prevent a similar incident from occurring with the subject child or any other child in his care.

Furthermore, at the time of the subject child's birth, the father had not complied with toxicology screening referrals, submitting to only 5 of 21 requested tests, nor had he engaged in substance abuse counseling or individual therapy. Each time the father did submit to a toxicology screening, the screening was positive for marijuana and alcohol. The father acknowledged that he had been a frequent user of marijuana since he was a teenager but did not view his use as problematic or concede that it affected his mental health.

[*2]

The father also failed to complete a mental health evaluation, and he participated only inconsistently in the services in which he was enrolled. Although his engagement improved during the course of the hearing, his statements during the portion of the mental health evaluation that he completed showed a continued lack of insight into the reasons for the subject child's removal and continued placement in foster care. The father also continued to live with the subject child's mother, who did not engage in services. Under the totality of the circumstances, the evidence presented at the hearing supports the Family Court's conclusion that the child should not be returned to the father during the course of the proceeding (see Matter of M.M. [Chelsea B.], 242 AD3d 605, 606 [1st Dept 2025]). That the subject child did not suffer injury during the two weeks the child remained in the father's care does not preclude a finding that the child's life or health would be at imminent risk if returned to him (see Matter of Martha A., 75 AD3d at 477).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026