Rios v New York City Tr. Auth.

2026 NY Slip Op 02429

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Luis Rios, appellant,

v

New York City Transit Authority, et al., respondents (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2023-08528, (Index No. 514675/16)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Lillian Wan

Laurence L. Love, JJ.

William Schwitzer & Associates, P.C., New York, NY (Travis K. Wong of counsel), for appellant.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Gina Abadi, J.), dated July 13, 2023. The judgment, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against the plaintiff, in effect, dismissing the complaint.

ORDERED that the judgment is affirmed, with costs.

The plaintiff allegedly was injured as a passenger in a vehicle driven by Christoffe Cintron (hereinafter the Cintron vehicle), when it collided with a public bus operated by the defendant Loraine Lord. The plaintiff commenced this action against Lord and the defendants New York City Transit Authority, Metropolitan Transportation Authority, and MTA Bus Company. Two other passengers in the Cintron vehicle commenced separate personal injury actions that were joined with this action for the purposes of a trial on the issue of liability (see Garcia v New York City Tr. Auth., ___ AD3d ___ [decided herewith]; Cruz v Metropolitan Transp. Auth., ___ AD3d ___ [decided herewith]).

Following the trial on the issue of liability, the jury returned a verdict finding that Lord's negligence in operating the bus was not a substantial factor in causing the accident, that Christoffe Cintron was negligent in operating the Cintron vehicle, and, in effect, that his negligence was the sole proximate cause of the accident. Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside, as against the weight of the evidence, so much of the jury's verdict as found that Lord's negligence was not a substantial factor in causing the accident. The Supreme Court, among other things, denied that branch of the plaintiff's motion. The court issued a judgment dated July 13, 2023, in favor of the defendants and against the plaintiff, in effect, dismissing the complaint. The plaintiff appeals.

For the reasons set forth in our decision and order on a related appeal (see Garcia v New York City Tr. Auth., ___ AD3d ___ [decided herewith]), the jury's verdict was not contrary to the weight of the evidence.

Any error in the admission of certain expert testimony proffered by the defendants [*2]is harmless, as we are satisfied that the result would have been the same if the alleged errors had not occurred (see CPLR 2002; Ramrattan v Resorts World Casino, 221 AD3d 629, 629; Simon v Granite Bldg. 2, LLC, 170 AD3d 1227, 1233).

BRATHWAITE NELSON, J.P., FORD, WAN and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court