Matter of Solai J. (Kadesha J.) (2021 NY Slip Op 00431)





Matter of Solai J. (Kadesha J.)


2021 NY Slip Op 00431


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-10914
 (Docket Nos. N-7890-18, N-7891-18)

[*1]In the Matter of Solai J. (Anonymous). Administration for Children's Services, respondent; Kadesha J. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Quentin J. (Anonymous). Administration for Children's Services, respondent; Kadesha J. (Anonymous), appellant. (Proceeding No. 2.)


Kyle Sosebee, Brooklyn, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Devin Slack and Eva L. Jerome of counsel), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child Solai J.
The Children's Law Center, Brooklyn, NY (Eva Stein of counsel), attorney for the child Quentin J.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Ann E. O'Shea, J.), dated August 23, 2019. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the two subject children. The children subsequently were removed from the mother's custody and placed with their respective fathers. Following a hearing, the Family Court denied the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings. The mother appeals, and we affirm.
An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health." In determining the application, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be [*2]mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; see Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722; Matter of Alan C. [Thomas C.], 85 AD3d 912, 914).
Here, there is a sound and substantial basis in the record for the Family Court's determination denying the mother's application, as there was evidence that a return of the children to the mother would present an imminent risk to their life or health (see Matter of Elijah G. [Chastity G.], 158 AD3d 762, 762; Matter of Xiomara C. [Karen A.], 156 AD3d 631, 632). The evidence further established that the risk to the children could not be mitigated because the mother would not comply with any order issued in an attempt to mitigate that risk (see Matter of Sara A. [Ashik A.], 141 AD3d 646, 648; Matter of Jasmine W. [Michael J.], 132 AD3d 774, 775; Matter of Gabriel James M., 59 AD3d 448, 448).
Accordingly, we agree with the Family Court's determination denying the mother's application.
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court