Matter of Treasure H. (Nicole H.) (2021 NY Slip Op 03586)





Matter of Treasure H. (Nicole H.)


2021 NY Slip Op 03586


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-06620
 (Docket No. N-5295-20)

[*1]In the Matter of Treasure H. (Anonymous). Administration for Children's Services, respondent; Nicole H. (Anonymous), appellant.


Adewole Agbayewa, Fresh Meadows, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Claibourne Henry of counsel; Todd F. Fitch on the brief), for respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated August 21, 2020. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
In March 2020, the petitioner commenced this neglect proceeding against the mother, alleging that the mother neglected the subject child by failing to provide the child with proper supervision due to the mother's failure to treat her own mental illnesses. After commencing this proceeding, the petitioner temporarily removed the child from the mother's custody The mother made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. After a hearing on the application, the Family Court denied the mother's application. The mother appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed 'shall' be granted unless the Family Court finds that 'the return presents an imminent risk to the child's life or health.' In determining the application, the court 'must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974, quoting Nicholson v Scoppetta, 3 NY3d 357, 378). "'In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination'" (Matter of Solai J. [Kadesha J.], 190 AD3d at 974, quoting Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691).
Here, there was a sound and substantial basis in the record for the Family Court's [*2]determination that the return of the child to the mother would present an imminent risk to the child, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Nyomi P. [Imeisha P.], 189 AD3d 843, 844; Matter of Jazmine P. [Shay S.P.-T.], 173 AD3d 1033, 1034). The record demonstrated that the mother failed to address or acknowledge the circumstances that led to the removal of the child or the removal of her other children, and refused to acknowledge or seek treatment for her mental illnesses (see Matter of Gavin G. [Carla G.], 165 AD3d 1258, 1259; Matter of Chloe W. [Tara W.], 165 AD3d 681, 682; Matter of Julissia B.[Navasia J.], 128 AD3d at 691). Furthermore, the court's determination as to the mother's lack of credibility is supported by the record and should not be disturbed (see Matter of Nyomi P. [Imeisha P.], 189 AD3d at 844).
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court