Matter of Jayla P. (Niquette B.) (2021 NY Slip Op 04139)





Matter of Jayla P. (Niquette B.)


2021 NY Slip Op 04139


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2020-04324
 (Docket No. N-20236-19)

[*1]In the Matter of Jayla P. (Anonymous). Administration for Children's Services, petitioner-respondent; 
and
Niquette B. (Anonymous), respondent-appellant, et al., respondent.

 

Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Rebecca L. Visgaitis and MacKenzie Fillow of counsel), for petitioner-respondent.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.
Salvatore C. Adamo, New York, NY, for respondent-appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated February 24, 2020. The order, insofar as appealed from, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child to her custody during the pendency of the proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In October 2019, the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the parents had neglected the subject child. The petition, as relevant to the mother, alleged that she had physically abused the father in the child's presence and that, in May 2019, she had made multiple threats to harm the child while the child was alone in her custody. The Family Court temporarily removed the child from the parents' care.
The mother made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. After a hearing, the Family Court, inter alia, denied the mother's application. The mother appeals.
A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (see Matter of Nyomi P. [Imeisha P.], 189 AD3d 843, 844; Matter of Cheryl P. [Ayanna M.], 168 AD3d 1062, 1063). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378) and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378; see Matter of Nyomi P. [Imeisha [*2]P.], 189 AD3d at 844; Matter of Romeo O. [Sita P.-M.], 163 AD3d 574, 575).
Here, there exists a sound and substantial basis in the record for the Family Court's determination that the return of the child to the mother would present an imminent risk to the child, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Karma C. [Tenequa A.], 122 AD3d 415, 416; Matter of Daniel X. [Monica X.], 114 AD3d 1059, 1060-1061; Matter of Jessica J., 57 AD3d 271, 271-272). The court's determination as to the mother's lack of credibility should not be disturbed, as it is supported by the record (see Matter of Nyomi P. [Imeisha P.], 189 AD3d at 844).
Accordingly, the Family Court properly denied the mother's application pursuant to Family Court Act § 1028 for the return of the child to her custody.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court