Matter of Zaniyah R.-T. (Wanda R.) (2021 NY Slip Op 04360)





Matter of Zaniyah R.-T. (Wanda R.)


2021 NY Slip Op 04360


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2020-07351
 (Docket No. N-6321-20)

[*1]In the Matter of Zaniyah R.-T. (Anonymous). Administration for Children's Services, respondent; 
and
Wanda R. (Anonymous), appellant.


Lewis S. Calderon, Jamaica, NY, for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Eric Lee and Deborah E. Wassel of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated August 31, 2020. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028(a) for the return of the subject child to her custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The mother has five children, four of whom were removed from her custody and placed in foster care prior to the birth of the subject child in July 2020. Shortly after her birth, the subject child was removed from the mother's custody and the petitioner commenced this proceeding pursuant to Family Court Act article 10, alleging that the subject child was derivatively neglected based upon the prior findings of neglect as to the other children arising from excessive corporal punishment. The mother made an application pursuant to Family Court Act § 1028(a) for the return of the subject child during the pendency of this neglect proceeding. Following a hearing, the Family Court denied the mother's application. The mother appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that 'the return presents an imminent risk to the child's life or health'" (Matter of Audrey L. [Marina L.], 147 AD3d 838, 839, quoting Family Ct Act § 1028[a]). In determining the application, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378). "Ultimately, the Family Court 'must balance that risk against the harm removal may bring, and it must determine factually which course is in the child's best interests'" (Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691, quoting Nicholson v Scoppetta, 3 NY3d at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record [*2]supports the Family Court's determination" (Matter of Julissia B. [Navasia J.], 128 AD3d at 691; see Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722).
Here, there is a sound and substantial basis in the record for the Family Court's determination denying the mother's application. The evidence established that the mother failed to acknowledge the circumstances which led to the removal of her children, and that a return of the subject child to the mother would present an imminent risk to the child, which could not be mitigated by reasonable efforts to avoid removal (see Nicholson v Scoppetta, 3 NY3d 357; Matter of Tatih E. [Keisha T.], 168 AD3d 935, 936; Matter of Chloe W. [Tara W.], 165 AD3d 681, 682; Matter of Audrey L. [Marina L.], 147 AD3d 838; Matter of Julissia B. [Navasia J.], 128 AD3d 690).
Accordingly, the Family Court properly denied the mother's application.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court