Matter of Mikayla T. (Jyranda R.) (2021 NY Slip Op 06619)





Matter of Mikayla T. (Jyranda R.)


2021 NY Slip Op 06619


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
LARA J. GENOVESI, JJ.


2020-06645
 (Docket Nos. N-8649-20, N-8650-20)

[*1]In the Matter of Mikayla T. (Anonymous). Administration for Children's Services, respondent; Jyranda R. (Anonymous), appellant. (Proceeding No. 1.)
In the Matter of Ian T. (Anonymous). Administration for Children's Services, respondent; Jyranda R. (Anonymous), appellant. (Proceeding No. 2.)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Melanie T. West and D. Alan Rosinus, Jr., of counsel), for respondent.
Christopher S. Charnetsky, Brooklyn, NY, attorney for the child Mikayla T.
Janet E. Sabel, New York, NY (Dawne A. Mitchell and Riti P. Singh of counsel), attorney for the child Ian T.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated August 20, 2020. The order, insofar as appealed from, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these related proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected her then eight-year-old son by inflicting excessive corporal punishment on him, resulting in physical injury, and that she derivatively neglected her daughter, who was one year old at the time. The petitioner temporarily removed the subject children from the mother's custody. Subsequently, the mother made an application pursuant to Family Court Act § 1028 for the return of the children to her custody. After a hearing, the Family Court denied the mother's application. The mother appeals.
Although the children have subsequently been returned to the mother's custody, the mother's appeal is not academic, as the underlying finding of imminent risk to the children's life or [*2]health in the event they were returned to the mother at the time the order was issued constitutes a permanent and significant stigma that might indirectly affect the mother's status in potential future proceedings (see Matter of Cheryl P. [Ayanna M.], 168 AD3d 1062, 1062-1063).
A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (id.; see Matter of Nyomi P. [Imeisha P.], 189 AD3d 843, 844). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378), and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (id. at 378; see Matter of Jayla P. [Niquette B.], 195 AD3d 1029, 1030; Matter of Nyomi P. [Imeisha P.], 189 AD3d at 844). "Evidence that the children who are the subject of the proceeding were previously harmed while in the parent's care is not required where it is shown that the parent demonstrated such an impaired level of parental judgment with respect to one child so as to create a substantial risk of harm to any child in that parent's care" (Matter of Rosy S., 54 AD3d 377, 378; see Matter of Tatih E. [Keisha T.], 168 AD3d 935, 936).
Here, there is a sound and substantial basis in the record for the Family Court's determination that the return of the children to the mother would present an imminent risk to the children, and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Nyomi P. [Imeisha P.], 189 AD3d at 844; Matter of Tatih E. [Keisha T.], 168 AD3d at 936). The court's determination as to the mother's lack of credibility should not be disturbed, as it is supported by the record (see Matter of Jayla P. [Niquette B.], 195 AD3d at 1030).
Accordingly, the Family Court properly denied the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody.
MASTRO, J.P., BRATHWAITE NELSON, IANNACCI and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court