Matter of Junny B. (Homere B.) (2021 NY Slip Op 06687)





Matter of Junny B.


2021 NY Slip Op 06687


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-09478
 (Docket No. N-10597-20)

[*1]In the Matter of Junny B. (Anonymous). Administration for Children's Services, petitioner-respondent; Homere B. (Anonymous), appellant, et al., respondent.


Christopher S. Charnetsky, Brooklyn, NY, for appellant.
Georgia M. Pestana, Corporation Counsel, New York, NY (Jane L. Gordon and Elizabeth I. Freedman of counsel), for respondent.
Carol Kahn, New York, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated December 11, 2020. The order, insofar as appealed from, after a hearing, denied the father's application pursuant to Family Court Act § 1028 for the return of the subject child to his custody during the pendency of the proceeding.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In July 2020, the petitioner commenced this proceeding against the mother pursuant to Family Court Act article 10, alleging that the mother neglected the subject child. In October 2020, the petition was amended to allege that the father failed to provide the child with proper supervision and guardianship in that he perpetrated acts of domestic violence against the mother in the presence of the child. After amending the petition, the petitioner temporarily removed the child from the father's custody. The father made an application pursuant to Family Court Act § 1028 for the return of the child to his custody. After a hearing on the application, the Family Court, inter alia, denied the father's application. The father appeals.
"An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health" (Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585 [internal quotation marks omitted]; see Family Ct Act § 1028[a]; Matter of Treasure H. [Nicole H.], 195 AD3d 715, 715-716). "In determining the application, the court 'must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal'" (Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d at 585, quoting Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Treasure H. [Nicole H.], 195 AD3d at 716). "Ultimately, the Family Court must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d at 585 [internal quotation marks omitted]; see Nicholson v Scoppetta, 3 [*2]NY3d at 378). "In reviewing a Family Court's determination of an application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed, this Court must determine whether a sound and substantial basis in the record supports the Family Court's determination" (Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d at 585 [internal quotation marks omitted]; see Matter of Treasure H. [Nicole H.], 195 AD3d at 716).
Here, there was a sound and substantial basis in the record for the Family Court's determination that the return of the subject child to the father would present an imminent risk to the child, as the record demonstrated that the father failed to address or acknowledge the circumstances that led to the removal of the child, minimized the domestic violence between him and the mother, and failed to take steps to address those issues (see Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d at 585; Matter of Cacique R.O. [Alejandro O.], 196 AD3d 487, 489; Matter of Sara A. [Ashik A.], 141 AD3d 646, 647-648). In addition, the evidence further established that the risk to the child could not be mitigated because the father would not comply with any order issued in an attempt to mitigate that risk (see Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974; Matter of Carter R. [Camesha B.], 184 AD3d 575, 576-577). The court's determination as to the father's lack of credibility is supported by the record and should not be disturbed (see Matter of Jayla P. [Niquette B.], 195 AD3d 1029, 1030; Matter of Treasure H. [Nicole H.], 195 AD3d at 716; Matter of Nyomi P. [Imeisha P.], 189 AD3d 843, 844).
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court