Matter of Skkyy M. R. (Justin R.) (2022 NY Slip Op 03518)





Matter of Skkyy M. R. (Justin R.)


2022 NY Slip Op 03518


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN
WILLIAM G. FORD, JJ.


2021-04017
 (Docket No. N-24551-19)

[*1]In the Matter of Skkyy M. R. (Anonymous). Administration for Children's Services, petitioner- respondent; 
and
Justin R. (Anonymous), appellant, Desanta C. (Anonymous), respondent.


Richard L. Herzfeld, New York, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and D. Alan Rosinus, Jr., of counsel), for petitioner-respondent.
Nicole Barnum, New York, NY, for respondent.
Justine Luongo, Attorney-in-charge of the Criminal Defense Practice, New York, NY (Dawne A. Mitchell and Susan Clement of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated June 2, 2021. The order, after a hearing, denied the father's application pursuant to Family Court Act § 1028 for the return of the subject child to his custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
On December 5, 2019, the petitioner commenced this neglect proceeding against, among others, the respondent father. The petition alleged that the father neglected the subject child by failing to provide the child with proper supervision and guardianship, in that the child suffered injuries while in his care, and in that the father perpetrated acts of domestic violence against the mother in the presence of the child. The petitioner temporarily removed the child from the father's custody. The father made an application pursuant to Family Court Act § 1028 for the return of the child to his custody. After a hearing on the application, the Family Court denied the father's application. The father appeals.
An application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed shall be granted unless the court finds that the return presents an imminent risk to the child's life or health (see Family Court Act § 1028[a]). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Chase P. [Maureen Q.], 199 AD3d 807; Matter of Carter R. [Camesha B.], 184 AD3d 575; Matter of Tatih E. [Keisha T.], 168 AD3d 935). In making its determination, the court must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal (see Nicholson v Scoppetta, 3 NY3d 357, 378; Matter of Junny B. [Homere B.], 200 [*2]AD3d 687; Matter of Mikayla T. [Jyranda R.], 199 AD3d 1009). The court must balance the risk against the harm removal might bring, and it must determine factually which course is in the child's best interests (see Nicholson v Scoppetta, 3 NY3d at 378; Matter of Junny B. [Homere B.], 200 AD3d at 688; Matter of Chase P. [Maureen Q.], 199 AD3d at 808). The child services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Chase P. [Maureen Q.], 199 AD3d at 809; Matter of Carter R. [Camesha B.], 184 AD3d at 576).
Here, there is a sound and substantial basis in the record for the Family Court's determination denying the father's application. The evidence established that the father failed to acknowledge the circumstances which led to the removal of the child, and that a return of the child to the father would present an imminent risk to the child, which could not be mitigated by reasonable efforts to avoid removal (see Matter of Junny B. [Homere B.], 200 AD3d at 688-689; Matter of Treasure H. [Nicole H.], 195 AD3d 715). The court's determination that the father lacked credibility is supported by the record and should not be disturbed (see Matter of Junny B. [Homere B.], 200 AD3d at 688-689; Matter of Treasure H. [Nicole H.], 195 AD3d 715).
DILLON, J.P., BRATHWAITE NELSON, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court