Matter of E.E. (Dania R.) (2024 NY Slip Op 01277)

Matter of E.E. (Dania R.)

2024 NY Slip Op 01277

Decided on March 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2024

Before: Manzanet-Daniels, J.P., Moulton, Scarpulla, Pitt-Burke, O'Neill Levy, JJ.

Docket No. NN-00122/23 Appeal No. 1827 Case No. 2023-02701 

[*1]In the Matter of E.E., a Child Under Eighteen Years of Age etc., Dania R., Respondent-Respondent. Administration for Children's Services, Petitioner-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Amanda Abata of counsel), for appellant.
Neighborhood Defender Service of Harlem, New York (Michael Weinstein of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child.

Order, Family Court, New York County (Anna R. Lewis, J.), entered on or about May 26, 2023, which, after a hearing, granted respondent mother's application under Family Court Act § 1028, unanimously reversed, on the law and the facts, without costs, the application denied, and the matter remanded to the Family Court for further proceedings consistent with this opinion.
Family Court's finding that the child should be returned to the mother lacked a sound and substantial basis in the record (Family Court Act § 1028[a][iii]; see Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585 [2d Dept 2021]). In a prior order dated January 6, 2023, the court properly determined, based on evidence of the child's physical injuries and the child's statements that the mother was the person who inflicted those injuries, that returning the child to the mother would present an imminent risk of harm. However, it was an improvident exercise of the Family Court's discretion to determine that the risk could be mitigated by the conditions it imposed on the mother in the order under review (Family Ct Act § 1028; Matter of Denim A. [Rayshaun W.], 217 AD3d 489, 489-490 [1st Dept 2023]). Given the extensive injuries found on the child — including bruises, scratches, and bite marks over his body and face — and given the child's statements that the mother had injured him, the court's determination was not in the child's best interests (see Family Ct Act§ 1028; see also Nicholson v Scoppetta, 3 NY3d 357, 376 n 8 [2004]; Prof. Merrill Sobie, Prac Commentaries, McKinney's Cons Laws of NY, Family Ct Act § 1028).
In deciding that the conditions it had imposed on the mother — such as requiring her to ensure that the child regularly attended school and was enrolled in therapy, and requiring her to refrain from using corporal punishment on the child — would suffice to prevent or mitigate imminent risk of harm to the child, Family Court downplayed the risk that the child faced by focusing primarily, if not entirely, on the video of his interview with the Child Advocacy Center (CAC). Instead, the court should have construed that video in tandem with the other evidence before it, including photographs of the child's injuries and corroboration of the photographs by the child protective specialist assigned to the matter. The child protective specialist also provided testimony, which the court found credible, about her interview with the child, in which he not only recounted incidents of the mother's violence towards him consistent with those he described in the CAC video, but in which he stated that the violent incidents occurred with regularity on Fridays, after the mother had been drinking, and that he was afraid to go home on Fridays for that reason. The court focused on the fact that the child had not repeated certain of these details in his CAC video interview, but did not explain why that video — which, even if not as detailed as the other evidence, in no way contradicted that other [*2]evidence — was determinative, as opposed to constituting merely one illustrative component of the overall situation.
The record also does not support the court's determination that the mother would comply with the conditions imposed upon her in the order under review (see e.g. Matter of Sara A. [Ashik A.], 141 AD3d 646, 648 [2d Dept 2016]; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691-692 [2d Dept 2015]). Instead, the record shows the mother's unwillingness or inability to acknowledge her own role in the circumstances that led to the child's removal from her care. She not only attributed all of the child's injuries to a single physical altercation involving the father, but, notably, was silent about any efforts on her part to attend to those injuries — for example, getting him medical help or reporting his injuries to authorities. Indeed, while the mother made sure to take photographs of the injuries she had allegedly sustained in the physical altercation, she made no effort to document the child's injuries.
We have considered the mother's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2024