Matter of Amira C. (Amanda M. J.) (2024 NY Slip Op 05441)

Matter of Amira C. (Amanda M. J.)

2024 NY Slip Op 05441

Decided on November 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
LARA J. GENOVESI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-12087
 (Docket Nos. N-12228-23, N-12229-23, N-12230-23)

[*1]In the Matter of Amira C. (Anonymous). Administration for Children's Services, respondent; Amanda M. J. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Amier J. (Anonymous). Administration for Children's Services, respondent; Amanda M. J. (Anonymous), appellant. (Proceeding No. 2)
In the Matter of Ahmed L. M. (Anonymous). Administration for Children's Services, respondent; Amanda M. J. (Anonymous), appellant. (Proceeding No. 3)

Richard Cardinale, Brooklyn, NY, for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Jesse A. Townsend and Amanda Abato of counsel), for respondent.
Anna Stern, Brooklyn, NY, attorney for the child Ahmed L. M.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Kings County (Linda M. Capitti, J.), dated December 1, 2023. The order, insofar as appealed from, after a hearing, granted those branches of the petitioner's motion which were to vacate an order of the same court (Elizabeth Barnett, J.) dated November 17, 2020, inter alia, releasing the subject child Ahmed L. M. to the custody of the mother, and to issue a full stay-away order of protection in favor of the subject child Ahmed L. M. and against the mother and, in effect, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject child Ahmed L. M. to the mother's custody.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject child Ahmed L. M. by failing to provide proper supervision and guardianship. The petitioner temporarily removed the child from the mother's custody. The petitioner moved, among other things, to vacate an order dated November 17, 2020, inter alia, releasing the child to the custody of the mother, and to issue a full stay-away [*2]order of protection in favor of the child and against the mother. The mother made an application pursuant to Family Court Act § 1028 for the return of the child to her custody. After a hearing, the Family Court, among other things, granted those branches of the petitioner's motion which were to vacate the order dated November 17, 2020, and to issue a full stay-away order of protection in favor of the child and against the mother and, in effect, denied the mother's application. The mother appeals.
A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Matter of Nyomi P. [Imeisha P.], 224 AD3d 906, 906; Matter of Mikayla T. [Jyranda R.], 199 AD3d 1009, 1010). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Junny B. [Homere B.], 200 AD3d 687, 688; Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interest" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Nyomi P. [Imeisha P.], 224 AD3d at 907). The child protective services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Skkyy M.R. [Justin R.—Desanta C.], 206 AD3d 660, 661; Matter of Chase P. [Maureen Q.], 199 AD3d 807, 809).
Here, there is a sound and substantial basis in the record for the Family Court's determination that the return of the child to the mother would present an imminent risk to the child and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Tymik R. [Tamika J.], 214 AD3d 737, 738; Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974).
Accordingly, the Family Court properly granted those branches of the petitioner's motion which were to vacate the order dated November 17, 2020, and to issue a full stay-away order of protection in favor of the child and against the mother and, in effect, denied the mother's application pursuant to Family Court Act § 1028 for the return of the child to her custody.
MALTESE, J.P., GENOVESI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court