Matter of Jurenny M.-J. (Kelley M.) (2025 NY Slip Op 01095)

Matter of Jurenny M.-J. (Kelley M.)

2025 NY Slip Op 01095

Decided on February 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2024-02594
 (Docket Nos. N-214-24, N-215-24)

[*1]In the Matter of Jurenny M.-J. (Anonymous). Putnam County Department of Social Services, appellant; Kelley M. (Anonymous), respondent. (Proceeding No. 1.)
In the Matter of Jacob R.-M. (Anonymous). Putnam County Department of Social Services, appellant; Kelley M. (Anonymous), respondent. (Proceeding No. 2.)

Deanna M. DiCaprio, Carmel, NY, for appellant.
Thomas T. Keating, Dobbs Ferry, NY, for respondent.
Julie A. Cherico, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated April 5, 2024. The order, after a hearing, granted the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody. By decision and order on motion dated May 24, 2024, this Court granted the petitioner's motion to stay enforcement of the order and continue the remand of the subject children to care and custody of the petitioner pending hearing and determination of the appeal.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody is denied.
In November 2023, the subject children, Jacob R.-M. and Jurenny M.-J., were removed from the mother's custody after the petitioner received a report that the mother and the children were seen together with the father of Jurenny M.-J. in violation of an order of protection directing the father to stay away from the children. In February 2024, the children were returned to the mother's custody on the conditions that, inter alia, she enforce the order of protection against the father and comply with the petitioner's service requirements.
In March 2024, the petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging that the mother neglected the children by, inter alia, allowing them to have contact with the father in violation of the order of protection, and the children were temporarily removed from the mother's custody. Thereafter, the mother made an application pursuant to Family [*2]Court Act § 1028 for the return of the children to her custody. After a hearing, the Family Court granted the mother's application. The petitioner appeals.
A parent's application pursuant to Family Court Act § 1028 for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (id. § 1028[a]; see Matter of Nyomi P. [Imeisha P.], 224 AD3d 906, 906; Matter of Mikayla T. [Jyranda R.], 199 AD3d 1009, 1010). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Junny B. [Homere B.], 200 AD3d 687, 688; Matter of Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Nyomi P. [Imeisha P.], 224 AD3d at 907). The child protective services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Skkyy M.R. [Justin R.—Desanta C.], 206 AD3d 660, 661; Matter of Chase P. [Maureen Q.], 199 AD3d 807, 809).
Here, the Family Court's determination granting the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody lacks a sound and substantial basis in the record (see Matter of Audrey L. [Marina L.], 147 AD3d 838, 840). The petitioner demonstrated that the return of the children to the mother would present an imminent risk to the children. Testimony adduced at the hearing established that the mother failed to address or acknowledge the circumstances that led to the removal of the children, failed to prevent the father from having contact with the children despite the existence of an order of protection, was emotionally unstable, and failed to engage in mental health counseling and other preventative services (see Matter of Treasure H. [Nicole H.], 195 AD3d 715, 716; Matter of Julissia B. [Navasia J.], 128 AD3d 690, 691; cf. Matter of Melody M. [Cierra B.], 176 AD3d 942, 943). The evidence further established that this risk could not be mitigated by reasonable efforts to avoid removal, as the mother has failed to comply with any order issued in an attempt to mitigate that risk (see Matter of Amira C. [Amanda M.J.], 232 AD3d 599, 601; Matter of Junny B. [Homere B.], 200 AD3d at 688).
Accordingly, the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody should have been denied.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court