Matter of Nazir A.F. (Deja N.B.) (2025 NY Slip Op 01632)

Matter of Nazir A.F. (Deja N.B.)

2025 NY Slip Op 01632

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2024-01358
 (Docket Nos. N-4998-23, N-4999-23)

[*1]In the Matter of Nazir A. F. (Anonymous). Dutchess County Department of Community and Family Services, respondent;Deja N. B. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Amiyah N. F. (Anonymous). Dutchess County Department of Community and Family Services, respondent; Deja N. B. (Anonymous), appellant. (Proceeding No. 2)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Caroline E. Blackburn, County Attorney, Poughkeepsie, NY (Michael L. Rusilas of counsel), for respondent.
Michael J. O'Connor, Poughkeepsie, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Dutchess County (Tracy C. MacKenzie, J.), dated January 24, 2024. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced these proceedings pursuant to Family Court Act article 10, alleging, inter alia, that the mother neglected the subject children by failing to provide proper supervision and guardianship. In connection with the petitioner's temporary removal of the children from the mother's custody, the mother made an application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings. After a hearing, the Family Court denied the mother's application. The mother appeals.
A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health" (Matter of Nyomi P. [Imeisha P.], 224 AD3d 906, 906 [internal quotation marks omitted]; see Matter of Mikayla T. [Jyranda R.], 199 AD3d 1009, 1010). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Junny B. [Homere B.], 200 AD3d 687, 688; Matter of [*2]Zaniyah R.-T. [Wanda R.], 196 AD3d 584, 585). In making its determination, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" and "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Nyomi P. [Imeisha P.], 224 AD3d at 907). The child protective services agency bears the burden of establishing that the child would be at imminent risk and therefore should remain in its custody (see Matter of Skkyy M.R. [Justin R.—Desanta C.], 206 AD3d 660, 661; Matter of Chase P. [Maureen Q.], 199 AD3d 807, 809).
Here, there is a sound and substantial basis in the record for the Family Court's determination that the return of the children to the mother would present an imminent risk to the children and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Amira C. [Amanda M.J.], 232 AD3d 599, 601; Matter of Nyomi P. [Imeisha P.], 224 AD3d at 907). Accordingly, the court properly denied the mother's application pursuant to Family Court Act § 1028 for the return of the children to her custody.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court