Matter of Ayan I. (Amirul R. C.) (2025 NY Slip Op 03065)

Matter of Ayan I. (Amirul R. C.)

2025 NY Slip Op 03065

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2023-12194
 (Docket No. N-13408-23)

[*1]In the Matter of Ayan I. (Anonymous). Administration for Children's Services, respondent; Amirul R. C. (Anonymous), appellant.

Amy J. Barrett, New York, NY, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Melanie T. West and Shane Magnetti of counsel; Melanie Rigden on the brief), for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Claire V. Merkine of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the father appeals from an order of the Family Court, Queens County (Monica D. Shulman, J.), dated November 21, 2023. The order, after a hearing, denied the father's application pursuant to Family Court Act § 1028 for the return of the subject child to his custody during the pendency of the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 10 against the father, alleging that he neglected the subject child by, inter alia, committing acts of domestic violence against the nonrespondent mother while the child was home, violating an order of protection, and absconding with the child. After the child was placed in the nonrespondent mother's care, the father made an application pursuant to Family Court Act § 1028 for the return of the child to his custody during the pendency of the proceeding. Following a hearing, the Family Court denied the application. The father appeals.
"A parent's application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed shall be granted unless the Family Court finds that the return presents an imminent risk to the child's life or health" (Matter of Nazir A.F. [Deja N.B.], 236 AD3d 910, 911 [internal quotation marks omitted]). In making its determination, the court must assess "whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal," "balance that risk against the harm removal might bring," and determine "which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of Nazir A.F. [Deja N.B.], 236 AD3d 910). The court's determination will not be disturbed if it is supported by a sound and substantial basis in the record (see Matter of Nazir A.F. [Deja N.B.], 236 AD3d 910; Matter of Solai J. [Kadesha J.], 190 AD3d 973, 974).
Here, there is a sound and substantial basis in the record for the Family Court's [*2]determination that the return of the child to the father would present an imminent risk to the child and that the risk could not be mitigated by reasonable efforts to avoid removal (see Matter of Nazir A.F. [Deja N.B.], 236 AD3d 910; Matter of Solai J. [Kadesha J.], 190 AD3d at 974). Accordingly, the court properly denied the father's application pursuant to Family Court Act § 1028 for the return of the child to his custody.
IANNACCI, J.P., CHRISTOPHER, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court